1  JAMES P. C. SILVESTRI, ESQ.
   Nevada Bar No. 3603
2  STEVEN M. GOLDSTEIN, ESQ.
   Nevada Bar No. 6318
3  PYATT SILVESTRI
   701 Bridger Ave., Suite 600
4  Las Vegas, NV 89101
   (702) 383-6000
5  Fax: (702) 477-0088
   jsilvestri@pyattsilvestri.com
6  sgoldstein@pyattsilvestri.com
   Attorneys for Defendant
7  GEICO CASUALTY COMPANY

8

9                    **UNITED STATES DISTRICT COURT**

10                      **DISTRICT ●F NEVADA**

11

12 JESSICA MARTINEZ-ANTONIO,
                                        CASE NO.:   2:20-cv-00635-GMN-DJA
13              Plaintiff,

14 vs.

15 GEICO CASUALTY COMPANY;  DOES I
   through X; and ROE CORPORATIONS I
16 through X, inclusive,

17              Defendants.

18

19 **STIPULATION AND ORDER FOR BINDING ARBITRATION AND TO STAY**
   **PROCEEDINGS PENDING BINDING ARBITRATION**

20

21       IT IS HEREBY STIPULATED AND AGREED, by and between the PARTIES to place

22 this matter into binding arbitration.

   THE PARTIES FURTHER AGREE AND STIPULATE AS FOLLOWS, THAT:
23
         1.      That the above-entitled action is hereby stayed, pending the binding arbitration;
24
         2.      That at the conclusion of the binding arbitration, and payment of any award, the
25
   Parties will execute and submit to this Court, a stipulation for dismissal, with prejudice.
26
         3.      Jennifer Togliatti, shall serve as the Arbitrator in the above-entitled matter.
27
         4.      The Arbitration Hearing will take place on TBA, beginning at TBA at Advanced
28
   Resolution Management, 6980 S. Cimarron Road, Ste. 210 Las Vegas, NV 89113.  The above is

                                        1

subject to the availability of the Arbitrator, but the Arbitration Hearing.

5.      Arbitration briefs will be due five days before the Arbitration Hearing.

6.      The Parties agree to resolve, by binding Arbitration, any and all disputes between Plaintiff, JESSICA MARTINEZ-ANTONIA ("Plaintiff") and Defendant, GEICO CASUALTY COMPANY ("Defendant"), including, but not limited to liability, bodily injury, property damage, contractual damages and to place a fair and equitable value on the damages incurred by Plaintiff arising from an automobile accident that occurred between Plaintiff and a third-party tortfeasor, on December 6, 2017 ("Subject Accident").

7.      This Arbitration shall be binding, and shall be the sole and final resolution and adjudication of this matter.  This clause is the essence of this Stipulation.

8.      Plaintiff hereby agrees to refrain from making the following Causes of Action against Defendant, upon the resolution of the Arbitration:  Tortious Breach of Contract and Implied Covenant of Good Faith and Fear Dealing; Violation of Unfair Claims Practices; Negligent and/or Intentional Misrepresentation; Bad Faith; Fraud; or any other extracontractual claims and/or causes of action.

9.      Plaintiff hereby agrees to sign/execute a release of all claims, and a stipulation for dismissal of all remaining claims/causes of action, with prejudice, upon receipt of the binding arbitration decision, and payment of any sum owed pursuant to any arbitration award, if any.

10.      The Parties specifically agree to waive any right to seek an award of attorney's fees, costs, per-judgment interest or post-judgment interest.

11.      The Arbitrator's fees shall be split as follows: Equally 50/50.

12.      Discovery shall close on one week before briefs are due.  No sub-deadlines are required.

13.      The Parties agree that Plaintiff has already recovered Fifteen Thousand Dollars and 00/100 Cents ($15,000.00) from the third-party tortfeasor's insurance carrier, as a result of the Subject Accident.

14.      The Arbitrator will not be informed of the Plaintiff's policy or the applicable limits.

15.      The Parties agree that the high/low limits for Plaintiff's recovery are as follows: high Three Hundred Thousand Dollars and 00/100 Cents of New Money ($300,000.00); low of

Thirty-Five Thousand Seven Hundred Dollars and 00/100 Cents of New Money ($35,700.00).  For the purposes of this stipulation and order, New Money is considered money paid to the Plaintiff after all offsets of Fifteen Thousand Dollars and 00/100 Cents ($15,000.00) are applied.

16.     The Arbitrator shall not be informed concerning the high/low limits the Parties have agreed upon, nor will the Arbitrator be informed of the monies previously received by Plaintiff, from any source.  Rather the Arbitrator shall be asked to decide the issues of liability, bodily injury, property damage, contractual damages and to place a fair and equitable value on the damages incurred by Plaintiff.  On the issue of damages, the Arbitration shall only concern Plaintiff's contractual damages and will not concern his or her self with extra-contractual issues or punitive damages.  Nor will the Arbitration contain arguments or discussions of extra-contractual issues or allegations or punitive damages issues or allegations.

17.     The Parties agree that Defendant is entitled to a total offset of Fifteen Thousand Dollars and 00/100 Cents ($15,000.00), from any award issued by the Arbitrator.  This offset amount is comprised of the Fifteen Thousand Dollars and 00/100 Cents ($15,000.00) Plaintiff received from the third-party tortfeasor's insurance carrier,

18.     Under no circumstances shall Plaintiff recover more than the Uninsured Motorist/Under-insured Motorist (UM/UIM) per person limit of Three Hundred Thousand Dollars and 00/100 Cents ($300,000.00).

19.     By way of example, if the Arbitrator awards Plaintiff damages in an amount between $0.00 and $50,700.00, Defendant will pay Plaintiff $35,700.00 (low limit).  If the Arbitrator awards an amount between $50,700.01 and $315,000.00, Defendant will pay the amount of the award, minus $15,000.00.  If the Arbitrator awards damages to Plaintiff in an amount in excess of $315,000.00 (i.e. $315,000.01 or more), Defendant will pay Plaintiff $300,000.00 (high limit).

20.     The Parties may admit at the Arbitration, any relevant evidence, e.g. treatment records or bills, with or without an appropriate affidavit (e.g. from the custodian of records), and without testimony of a witness.

/ / /

21.     At the Arbitration, either Party may present reports from any designated physician or expert, without having to produce any physician or expert, or, either Party may elect to have any physician or expert appear.

22.     At the conclusion of the Arbitration, payment of any award will be made within thirty (30) days of the Arbitrator's written decision.

23.     Concurrent to payment of any award, Plaintiff will: (1) execute a release of Defendant, contractual and extracontractual, which shall include an agreement to resolve, indemnify and hold Defendant harmless from all statutory liens, including but not limited to medical, hospital and attorney liens out of monies paid to Plaintiff by Defendant; and (2) sign a stipulation to dismiss Defendant, with prejudice.

24.     Rules governing trial de novo will not apply to this case as Arbitration is binding. The Parties are aware, however, that any Party may move the Court to confirm, vacate or modify the decision of the Arbitrator in the manner authorized by NRS Chapter 38.

25.     The Parties agree to resolve any and all discovery disputes either by stipulation, agreement or at the direction of the Arbitrator.

26.     The Parties agree to refrain from conducting discovery related to claim handling, adjuster thoughts, mental impressions or opinions, or extracontractual claims/causes of action. Rather, discovery shall be limited to liability, causation, damages and the value of Plaintiff's bodily injury claim.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

1        27.    Issuance of any payment must take place 30 calendar days after the decision of the

2    Arbitrator.  Defendant shall pay interest of 1% per day until the award is paid in full.  Interest, for

3    the purposes of paragraph 28, is different than any mention to the term interest above.

4        DATED this 10 th day of September, 2020.

5                        PYATT SILVESTRI

6

7                        JAMES P. C. SILVESTRI, ESQ.

                    Nevada Bar No. 3603

8                        STEVEN M. GOLDSTEIN, ESQ.

                    Nevada Bar No. 6318

9                        701 Bridger Ave., Suite 600

10                       Las Vegas, NV 89101

                    Attorney for Defendant,

11                       *GEICO CASUALTY COMPANY*

12       DATED this 10 th day of September, 2020.

13                       MOSS BERG INJURY LAWYERS

14

15                       BOYD B MOSS, III, ESQ.

                    Nevada Bar No. 8856

16                       4101 Meadows Lane, Suite 110

                    Las Vegas, NV 89107

17                       Attorney for Plaintiff

18

19                       **IT IS SO ORDERED.**

20

21                       Dated this __11__ day of September, 2020.

22

23   ///

24   ///

25   ///

26   ///                    Gloria M. Navarro, District Judge

                    UNITED STATES DISTRICT COURT

27

28

1

2

3

4

5

6

7    **Respectfully submitted by:**

8

9

10   _____
     JAMES P.C. SILVESTRI, ESQ.
11   Nevada Bar No. 3603
     STEVEN M. GOLDSTEIN
12   Nevada Bar No. 6328
     701 Bridger Ave., Suite 600
13   Las Vegas, NV 89101
     Attorneys for Defendant,
14   *GEICO Casualty Company*

15

16

17

18

19

20

21

22

23

24

25

26

27

28